**BALLARD SPAHR LLP**
Scott S. Humphreys (SBN 298021)
humphreyss@ballardspahr.com
Brianna R. Howard (SBN 31462)
howardbr@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

J. Matthew Thornton (*pro hac vice*)
thorntonj@ballardspahr.com
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2110
Telephone: 612.371.6207

Gregory P. Szewczyk (*pro hac vice*)
szewczykg@ballardspahr.com
Alexia C. Chapman (*pro hac vice*)
chapmana@ballardspahr.com
1800 Larimer Street, Suite 1600
Denver, CO 80202-5596
Telephone: 303.292.2400

*Attorneys for Defendant Talkiatry Management Services, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALKIATRY MANAGEMENT SERVICES, LLC<br><br>Defendant. | CASE NO. 5:25-cv-00781-DTB<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

1

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13.4 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. In addition, Plaintiff alleges that this action involves mental health services and may include information related to Plaintiff's and others' mental health conditions and treatments. Such confidential and proprietary materials and information consist of, among other things, confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly,

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3.    DEFINITIONS

3.1    Action: This pending federal lawsuit, *Jane Doe v. Talkiatry Management Services, LLC, et al.,* Case No. 5:25-cv-00781 (C.D. Cal.).

3.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and which are designated as such pursuant to this Stipulated Protective order, which may include:

(a)    Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

(b)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)    Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party; and/or

(d)    Information reflecting mental health conditions and treatment.

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

However, the protections conferred by this Order do not cover the following information:

(a)    any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and/or

(b)    any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.4    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

3.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

3.8    In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party, and their support staff.

3.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staff).

3.12    Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this Action.

3.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to a Party and their employees and contractors.

3.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order.

3.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

5

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six (6) months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this Order.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 6.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material or to the cover page of bound or grouped material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If, due to the nature of the electronic document, a "CONFIDENTIAL" legend cannot be affixed to the pages of the document (e.g. an excel sheet),  the Producing Party shall label the electronic document as set forth in Paragraph 6.2(c).

(b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days of receipt of the deposition transcript from the court reporter ("30-day period") all protected testimony, Disclosure or Discovery Material. The entire deposition transcript will be considered by the Parties as "CONFIDENTIAL" during the 30-day period. After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" under this Protective Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential.

[PROPOSED] STIPULATED PROTECTIVE ORDER

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

(c)      For  information  produced  in  some  form  other  than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). For any information transmitted by electronic means, the label "CONFIDENTIAL" shall appear on the subject of the electronic mail, or on the title of the digital document or documents or other media through which they are conveyed.

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.*

7.3    Judicial Intervention. If the Meet and Confer does not resolve the Parties' dispute as to the at-issue designations, the challenge may be submitted to the Court pursuant to the procedures described in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

Party to sanctions. Unless the Designating Party has expressly waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The Parties and the directors, officers, and employees (including In-House Counsel) who are assisting with or making decisions concerning this Action, only to the extent deemed reasonably necessary by the Receiving Party's Outside Counsel of Record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order;

9

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

(c)    Experts (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "CONFIDENTIAL" by the Producing Party;

(d)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it or was employed by the Designating Party at the time the information, document or thing was created, or if the Designating Party consents to such disclosure in advance;

(h)    any other person as to whom the Designating Party has consented to disclosure in advance;

(i)    such other persons as the parties may agree or may be ordered by the Court; and

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must:

10

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

(a)    promptly notify in writing the Designating Party (by fax and email, if possible). Such notification must include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

11

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

10.3    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's Civil Standing Order regarding discovery disputes (Dkt. 8).

**11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to the Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

13. **MISCELLANEOUS**

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   No Modification of Privileges. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential research, development or commercial information to the extent such privilege exists under applicable law.

13.4   Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested

13
[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 14.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in Paragraph 5 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 5 (DURATION), above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

[PROPOSED] STIPULATED PROTECTIVE ORDER

Dated: May 6, 2026

**BALLARD SPAHR LLP**

**SWIGART LAW GROUP, APC**
**BEN TRAVIS LAW, APC**

BY: */s/ J. Matthew Thornton*
    Scott Humphreys
    Gregory P. Szewczyk
    J. Matthew Thornton
    Brianna R. Howard
    Alexia C. Chapman

BY:     */s/ Joshua B. Swigart*
    Joshua B. Swigart
    Ben Travis

*Attorneys for Defendant Talkiatry Management Services, LLC*

*Attorneys for Plaintiff Jane Doe*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

15
[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

**FOR GOOD CAUSE SHOWN , IT IS SO ORDERED.**

Dated: May 7, 2026

_____

UNITED STATES MAGISTRATE JUDGE
HON. DAVID T. BRISTOW

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [insert date] in the case of *Jane Doe et al v. Talkiatry Management Services, LLC*, Case No. 5:25-cv-00781-SSS-DTB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1
[PROPOSED] STIPULATED PROTECTIVE ORDER

I, J. Matthew Thornton, attest pursuant to L.R. 5-4.3.4(a)(2)(i), that all other signatories on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

DATED:  May 6, 2026                    Respectfully submitted,

**BALLARD SPAHR LLP**

BY:  */s/ J. Matthew Thornton*
            Scott Humphreys
            Gregory P. Szewczyk
            J. Matthew Thornton
            Brianna R. Howard
            Alexia C. Chapman

*Attorneys for Defendant Talkiatry Management Services, LLC*

2
[PROPOSED] STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2026, I electronically filed a true and correct copy of the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

Joshua B. Swigart
Josh@swigartlawgroup.com
**Swigart Law Group, APC**
2221 Camino del Rio S, Ste. 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

Ben Travis
ben@bentravislaw.com
**Ben Travis Law, APC**
12481 High Bluff Drive, Suite 300
San Diego CA 92130
P: 619-353-7966

**BALLARD SPAHR LLP**

BY: _____
        Scott Humphreys
        Gregory P. Szewczyk
        J. Matthew Thornton
        Brianna R. Howard
        Alexia C. Chapman

*Attorneys for Defendant Talkiatry Management Services, LLC*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1
CERTIFICATE OF SERVICE